STURGIS, Judge
(dissenting).
I am unable to find any distinction between the lacking and essential element of proof of ownership of the stolen property, upon which reversal depends in Gray v. State of Florida, supra, and the lack of that element in the case on appeal, and I think the decision of the majority is in direct conflict with that case on the same principle of law. In the cited case the State simply failed to prove that G. G. Sirman, d/b/a “Tropical Awning, Shutter and Jalousie Company of Miami”, was owner of the stolen property, as alleged by the information. In the instant case the State utterly failed to prove that the alleged stolen property was in fact owned by any person or by a legal entity capable of ownership, much less by “a corporation” as alleged in the information.
In the case of Duncan v. State of Florida, cited and relied on by the majority for affirmance, our Supreme Court took judicial notice of the corporate existence of Florida Central and Peninsular Railroad Company. Considering the relation of rail transportation to the public economy at the time that decision was rendered, it is understandable that the corporate status of that concern was a matter of common knowledge. It can hardly be said at this date and era that Criswell Tire Co., Inc., enjoys a similar position in the public mind.
I therefore dissent.